IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,274-01






EX PARTE LEE TOLLEFSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-05-00106-CRW IN THE 218TH DISTRICT COURT


FROM WILSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. 
Tollefson v. State, No. 04-10-00286-CR (Tex. App.-San Antonio, August 31, 2011).

 In a pro se application, Applicant contends that his trial counsel rendered ineffective
assistance by: (1) coercing Applicant to reject a plea offer by promising deferred adjudication or
acquittal; (2) failing to investigate Applicant's mental health history; (3) failing to assist Applicant
when he complained he could not hear the proceedings against him, and; (4) failing to present
evidence of sudden passion or provocation during the punishment phase of trial as mitigation
evidence. In a supplemental application filed by writ counsel, Applicant alleges that his trial counsel
was ineffective for: (1) failing to object to State's witness' references to "victim", "murder", and
"crime"; (2) failing to object to inadmissible testimony regarding the deceased's (lack of) criminal
history; (3) eliciting testimony that Applicant had a criminal record; and (4) eliciting testimony that
after Applicant was arrested and a deputy asked him what happened, he requested a lawyer. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings as to whether: (1) counsel promised deferred adjudication
or acquittal to Applicant if he went to trial; (2) counsel investigated Applicant's mental health
history; (3) counsel knew that Applicant could not hear the proceedings against him and if so, what
actions counsel took to ensure that Applicant could hear the witness' testimony, (4) counsel
presented evidence of sudden passion and/or provocation and if not, why not; (5) counsel failed to
object to State's witness' references to "victim", "murder", and "crime"; (6) counsel failed to object
to inadmissible testimony regarding the deceased's (lack of) criminal history; (7) counsel elicited
testimony that Applicant had a criminal record; and (8) counsel elicited testimony that after
Applicant was arrested and a deputy asked him what happened, he requested a lawyer. The trial court
shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: April 24, 2013

Do not publish